UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTONIO LYNN FLUKER, JR.,** | 2:23-CV-10617-TGB-PTM |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | |
| **BRYAN DUNN et al,** | **OPINION AND ORDER OF SUMMARY DISMISSAL** |
| Defendants. | |

Plaintiff is a federal inmate confined at the Federal Correctional Institution in Milan, Michigan. On March 17, 2023, Magistrate Judge David R. Grand signed an order of deficiency. The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. As an alternative, the order indicated that Plaintiff could also simply pay the three hundred and fifty ($350.00) dollar filing fee, plus the $50.00 administrative fee, in full. Plaintiff was given thirty days to comply with the order. *See* ECF No. 2, PageID.19. To date, Plaintiff has neither paid the filing fee nor supplied the requested documentation.

1

Under 28 U.S.C § 1915(a)(2) a prisoner who wishes to file a civil complaint in federal court without prepaying fees and costs must provide a certified copy of his or her trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). That certified copy must obtained from the appropriate official of each prison at which the prisoner is or was confined. § 1915(a)(2).

If an inmate neither pays the full fee nor provides an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency. *McGore*, 114 F. 3d at 605. The prisoner is afforded thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id.* If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Because Plaintiff has not complied with Magistrate Judge Grand's deficiency order, either by timely paying the filing fee or by providing the documentation needed to proceed *in forma pauperis,* the Court will dismiss the complaint for want of prosecution.. *See e.g. Erby v. Kula*, 113 Fed. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, as Plaintiff has failed to comply with the filing requirements of the Prison Litigation Reform Act, pursuant to 28 U.S.C.

2

§ 1915(a)(1) and (b)(1) and (2) the Complaint will be **DISMISSED WITHOUT PREJUDICE**. This means that Plaintiff may file a new civil rights complaint under a new case number as long as he either pays the filing and administrative fees or submits the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED.**

Dated: May 31, 2023          s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE