UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, JR., | Case No. 2:23-cv-10617 |
| *Plaintiff,* | Terrence G. Berg<br>United States District Judge |
| v. | Patricia T. Morris |
| BRYAN DUNN, et al., | United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 18)
AND PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS
INTERROGATORIES AND DOCUMENT REQUESTS (ECF No. 17)**

**I.    Background**

Antonio Fluker is a pretrial detainee who brings this action challenging his conditions of confinement under 42 U.S.C. § 1983.  Though now in the custody of the Federal Bureau of Prisons, Antonio Fluker alleges that for most of 2022, he was detained at the Clare County Jail where various officials violated his constitutional rights by housing him in an overcrowded cell, refusing to allow him to exercise outside of his cell, and prohibiting him from ordering "educational books" from a "publisher."  (ECF No. 8, PageID.37).

On September 14, 2023, the Court ordered all parties to complete discovery by January 19, 2024.  (ECF No. 14, PageID.65).  The order limited "each opposing

party" to ten interrogatories and five "requests for production of documents for each opposing party." (*Id.*) The Court later extended this deadline to February 29, 2024. (Text Only Order, Jan. 29, 2024).

In September 2023, Fluker served sixteen interrogatories and twenty-four document requests on each defendant. (ECF No. 20, PageID.163). Aside from a few partial responses, the Defendants objected to most of the information sought in Fluker's first ten interrogatories on the grounds that his interrogatories were vague, sought irrelevant information, or were unduly burdensome. (ECF No. 18, PageID.114–20). The Defendants declined to answer the remaining interrogatories because Fluker had exceeded the maximum number of interrogatories allowed under the scheduling order. (*Id.* at PageID.120–23).

The first sixteen of Fluker's document requests sought "all documents . . . relied" on to answer the corresponding interrogatory. (ECF No. 18, PageID.128–35). For example, document request one sought "any and all documents upon which defendants relied to answer Interrogatory [one] of plaintiff's first set of interrogatories." (*Id.* at PageID.128). The Defendants objected to the first five of these interrogatories on the grounds that they did not have the requested materials or that the requests were unduly burdensome or irrelevant. (*Id.* at PageID.128–30). As with their responses to Fluker's interrogatories, the Defendants responded to the

2

remaining requests on the grounds that they exceeded the scheduling order's cap on document requests. (*Id.* at PageID.130–38).

Notwithstanding these objections, the Defendants partially complied with document requests six, seven, and ten in their answers to Fluker's interrogatories. (*Id.* at PageID.117–18, 120). In response to interrogatory ten, which asked the Defendants to "[i]dentify" all "communications . . . between defendants . . . and plaintiff," the Defendants provided two "inmate grievance form[s]" Fluker had submitted. (*Id.* at PageID.119–20, 154–55). Interrogatories six and seven, respectively, asked the Defendants to "list the inmate population in each housing unit [along with] the capacity of each housing unit" from February 11, 2022, through present and to "describe all evidence . . . indicating that defendants" were "aware [that] plaintiff requested out of cell exercise . . . ." (*Id.* at PageID.117–18). The Defendants responded by providing a document detailing the "daily population" of Fluker's cell for everyday from July 1, 2022, through November 4, 2022. (*Id.* at PageID.117–18, 153). They also attached a grievance in which Fluker requested "out of cell recreation." (*Id.* at PageID.154). The form indicates that Fluker also submitted at least three similar grievances. (*Id.*)

Unsatisfied with these responses, Fluker moved the Court to compel the Defendants to produce "documents and answers" that they "withheld." (*Id.* at PageID.101). Although his motion could be clearer on this point, Fluker appears to

3

only move for an order compelling responses to interrogatories five, six, and eight along with their corresponding document requests. (*See id.* at PageID.105–06). In addition, Fluker argues that the Defendants should have "produc[ed] a log of recreation times offered to" him, ostensibly referencing interrogatory and document request fifteen, which asks for "each and every document detailing out of cell exercise provided to inmates" in the jail. (*See id.* at PageID.106, 122, 134).

In addition to his motion to compel, Fluker contemporaneously moved for leave to serve an additional seven interrogatories and fifteen document requests. (ECF No. 17). Fluker attached his proposed interrogatories and document requests to his motions. The interrogatories Fluker intends to serve are identical to interrogatories ten through sixteen from his original set of interrogatories. (*Compare* ECF No. 17, PageID.96–98, *with* ECF No. 18, PageID.119–23). Again, the Defendants refused to answer interrogatories eleven through sixteen exclusively on the grounds that Fluker exceeded the Court's limit on interrogatories. (ECF No. 18, PageID.119–23).

Similarly, Fluker's second set of requests for production reiterates document requests from his original set. Specifically, Fluker intends to repeat his requests for the Defendants to supply documents supporting their answers to the first seven interrogatories in his "first set of interrogatories." (*Compare* ECF No. 17, PageID.89–90, *with* ECF No. 18, PageID.128–31). He also intends to serve, for a

4

second time, document requests seventeen through twenty-four from his original set of requests. (*Compare* ECF No. 17, PageID.91–92, *with* ECF No. 18, PageID.135–38).

## II. Discussion

### A. Motion to Compel

The Defendants ask the Court to deny Fluker's motion to compel on two independent grounds. First, they argue that the Court must deny his motion because he did not certify any attempts he made to resolve the discovery dispute before filing his motion. Second, they argue that even if Fluker had included such a certification, his document requests and interrogatories are outside the scope of discovery.

#### 1. Certification

Before filing a motion to compel, Federal Rule of Civil Procedure 37(a)(1) requires the moving party to, "in good faith," attempt to confer with the "party failing to" provide discovery materials "in an effort to" resolve the dispute "without court action." Fed. R. Civ. P. 37(a)(1). A "certification" of these efforts must be included in the motion to compel. *Id.* There is no doubt that Fluker failed to certify any efforts he made to confer with defense counsel before filing his motion to compel.[1]

---

[1] While Local Rule 37.1, like its counterpart in the Federal Rules of Civil Procedure, generally requires parties to confer in advance of a motion to compel, it also explains that motions to compel are subject to Local Rule 7.1. E.D. Mich. LR 37.1 cmt. (1992). And under Local Rule 7.1, "incarcerated prisoners proceeding pro se" need not confer with opposing counsel before filing any motion, including motions to

(ECF No. 18). The more difficult question is whether this failure to confer with opposing counsel is fatal to Fluker's motion.

Many courts take the view that a good-faith attempt to confer with opposing counsel is a prerequisite to bringing a motion to compel, so when a party fails to do so, the court should deny the motion. 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2285 n.6 (3d ed. 1998) (collecting cases). Yet others hold that failing to confer with opposing counsel does not "automatically result[] in denial of the motion." *E.g.*, *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D. W. Va. 2007). Instead, the moving party simply forgoes any right to recover their expenses in foiling the motion, as provided in Rule 37(a)(5)(A)(i). *Id.*; *accord Alerding v. Hewitt LLP v. Fletcher*, No. 1:16-cv-02453, 2018 WL 11364884, at *2 n.3 (S.D. Ind. Dec. 10, 2018).

I find the latter view persuasive. Although Rule 36 requires parties to attempt to confer with the opposing party before filing a motion to compel, the Rule does not explicitly make this a precondition to a motion to compel. Fed. R. Civ. P. 37(a)(1). Quite the opposite, it implies that courts can consider motions to compel even where the moving party fails to certify his or her efforts to confer with opposing counsel. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Indeed, Rule 37 provides that movants

---

compel. E.D. Mich. LR 7.1(a)(2)(c) (2021). If Defendants' argument has any force at all, it is because of the requirements imposed by the Federal Rules of Civil Procedure, not this Court's local rules.

6

who fail to confer with opposing counsel before filing motions to compel forfeit their right to reimbursement for the costs of their motion, should they prevail. *Id.* Thus, Rule 37(a)(5)(A)(i) presupposes that courts may consider motions to compel which do not comply with Rule 37(a)(1)'s certification requirement. *Id.* Rule 37(a)(5)(A)(i) would be meaningless if Rule 37(a)(1) meant that a court cannot grant a motion to compel unless the moving party certified his or her efforts to confer with opposing counsel. *See* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 27, at 180 (2012) ("The provisions of a text should be interpreted in a way that renders them compatible, not contradictory.").

There are only two interpretations of Rule 37 that avoid this conflict. The first and most straightforward interpretation is that Rule 37(a)(5)(A)(i) provides the exclusive remedy where a party violates the certification requirement in Rule 37(a)(1). The second way a court may avoid this conflict is by taking the view that it has discretion to deny or entertain a motion to compel where the moving party violates Rule 37(a)(1). Thus, a court may deny a motion to compel which violates Rule 37(a)(1), but if it chooses to entertain the motion, then Rule 37(a)(5)(A)(i)'s penalty comes into play.

But there is no textual support for this second interpretation in Rule 37. The Rule lacks any language suggesting that courts have discretion to waive Rule 37(a)(1)'s certification requirement. *See* Fed. R. Civ. P. 37. Rather, the moving

7

party "must" make a good faith attempt to confer with opposing counsel. Fed. R. Civ. P. 37(a)(1). This provision is mandatory, and Rule 37 provides just one penalty for a violation of this requirement—forfeiture of the moving party's ability to recover their expenses in filing the motion. Fed. R. Civ. P. 37(a)(5)(A)(i). Accordingly, the Court must still consider Fluker's motion to compel despite his failure to confer with defense counsel.

### 2. The Merits of Fluker's Motion to Compel

"[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994). Generally, all nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case" are within the scope of discovery. Fed. R. Civ. P. 26(b)(1). "This rule of relevancy has been broadly read, to encompass matters that might bear on, or might lead to matters that could bear on 'any issue that is or may be in the case.'" *Knop v. Johnson*, No. G84-651, 1988 U.S. Dist. LEXIS 17974, at *3 (W.D. Mich. Mar. 23, 1988) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Discoverable evidence need not be admissible itself if it "is reasonably calculated to lead to the discovery of admissible evidence." *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012); *see also Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970); Fed. R. Civ. P. 26(b)(1). And proposed discovery is disproportionate to the needs

of the case if "the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). Relevant factors include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If an opposing party withholds information the requesting party believes to be discoverable, the requesting party may file a motion to compel the opposing party to provide that information. Fed. R. Civ. P. 37(a). For purposes of a motion to compel, there is no difference between "an evasive or incomplete" response and a "failure" to respond. Fed. R. Civ. P. 37(a)(4). The party opposing a motion to compel bears the burden of establishing why the request falls outside the scope of discovery. *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015).

    a.    **Interrogatory and Document Request Five**

Interrogatory five asks the Defendants to "[i]dentfy each inmate in the Clare County Sheriff's Office's custody from February 1, 2022, through present, and to provide all "facts relevant to" their "classification." (ECF No. 18, PageID.116). Both the interrogatory and the corresponding document request ask the Defendants to "identify" and provide "all documents" relevant to the interrogatory. (*Id.* at

9

PageID.116, 130). The Defendants objected to these requests in their entirety. (*Id.* at PageID.117, 130).

Fluker explains that he requires this information to "interview" potential "witnesses" who "may have witnessed or experienced similar treatment by [the] Defendant[s] . . . ." (*Id.* at PageID.105–06). The Defendants, in turn, retort that because only Fluker's experiences are at issue, "the treatment experienced by other inmates is entirely irrelevant to this matter . . . ." (ECF No. 20, PageID.168–69).

To be sure, Fluker does not have standing to "vindicate the constitutional rights" of other inmates; only his own injuries are at issue in this case. *Barrows v. Jackson*, 346 U.S. 249, 255 (1953). Even so, other detainees may have witnessed Fluker experience the conduct he alleges in his complaint. They may have, for example, noticed that Fluker did not attend outdoor recreation. Or they may testify as to whether out-of-cell recreation was offered to the jail's inmates. And even to the extent these witnesses testify regarding their own experiences with outdoor recreation, overcrowding, or ordering educational materials, such testimony may help Fluker establish a municipal policy or custom. This evidence would not only help Fluker prove his official capacity claims against the County, but it would also corroborate his assertions regarding the jail's practices, bolstering his credibility. *See generally Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); Fed. R. Evid. 404(b)(2). Thus, I

10

find that apart from their request for information regarding inmate classifications, interrogatory and document request five are reasonably calculated to lead to the discovery of admissible evidence.

Still, I find that the burden of producing the "personal information" of the Jail's inmates outweighs its probative value. Compelling jails to hand over the personal information of their inmates to other incarcerated individuals is a practice that endangers the safety and privacy of inmates. *See West v. Dizon*, No. 2:12-cv-1293, 2013 WL 4776549, at *1 (E.D. Cal. Sept. 4, 2013) (acknowledging a state official's concern that requests for "the names of all inmates" in a housing unit raised "'safety and security concerns . . .'"); *Goodvine v. Swiekatowski*, No. 08-cv-702, 2009 WL 1732688, at *1 (W.D. Wisc. June 18, 2009) (same). Meanwhile, the potential witnesses are not essential for Fluker to prove his claims, and Fluker had several months to learn the names and contact information of other inmates at the Jail before he transferred to a federal facility. Thus, Fluker's motion to compel a response to interrogatory and document request five is **DENIED**.

      **b.**    **Interrogatory and Document Request Six**

Interrogatory six asks the Defendants to "list the inmate population" and "capacity" of "each housing unit" from February 11, 2022 "through present . . . ." (ECF No. 18, PageID.117). Again, Fluker asks the Defendants to produce all supporting evidence in a corresponding document request. (*Id.* at PageID.130).

Reasoning that Fluker only alleges to have been housed in an overcrowded cell from July 2022 through November 4, 2022, while he was housed in cell "C03," the Defendants objected to producing information regarding other cells and other timeframes. (*Id.* at PageID.117–18, 130–31 (citing ECF No. 8, PageID.37); *see id.* at PageID.144–46). Instead, they responded to the request by providing the daily inmate population for cell C03 from July 1, 2022, through November 4, 2022. (*Id.* at PageID.151–53). The Defendants also refused (or perhaps forgot) to share the "capacity" of Cell C03. (*Id.* at PageID.117–18, 130–31). Neither their response to the discovery request nor their brief explains why they ignored this aspect of Fluker's interrogatory. (*Id.*; ECF No. 20, PageID.169–70).

The Court agrees that Fluker's discovery request is temporally overbroad to the extent it requests information for periods during which Fluker does not allege to have been housed in an overcrowded cell. But to the extent Fluker seeks information regarding the capacity and population of other cells from July 2022 through November 4, 2022, the Court finds this information to be relevant because it is probative of whether the Jail could have housed Fluker in a less crowded cell. *See generally Brawner v. Scott Cty.*, 14 F.4th 585, 597 (6th Cir. 2021); *Beck v. Hamblen Cty.*, 969 F.3d 592, 601–02 (6th Cir. 2020). Further, because the Defendants do not object to producing evidence regarding the capacity of cell C03 and alternative cells, the Court will not do so on their behalf.

12

Accordingly, the Court **GRANTS** Fluker's motion to compel a response to Interrogatory and discovery request six **IN PART**. The Defendants shall respond to interrogatory within two weeks of receiving this order by indicating the inmate population *and capacity* of all cells from July 1, 2022, through November 4, 2022. *See* Fed. R. Civ. P. 33(b)(2). If necessary, the Defendants may move to extend the discovery deadline for the limited purpose of responding to this interrogatory. Further, because the corresponding document request surpassed the Court's limit of five discovery requests, the Defendants need not produce any supporting documents in their possession.

    c.    **Interrogatory and Document Request Eight**

Interrogatory and document request eight ask the Defendants to "[i]dentify each Clare County Sheriff's Office employee" and their "hours worked for each day" between February 11, 2022, and "the present." (ECF No. 18, PageID.118, 131). Fluker does not explain why he needs this information, and the Court fails to understand how this information could lead to the discovery of admissible evidence. *See Tompkins v. Detroit Metro. Airport*, 278 F.R.D. at 388. Accordingly, Fluker's motion to compel responses to interrogatory and document request eight is **DENIED.**

    d.    **Interrogatory and Document Request Fifteen**

Last, Fluker asks the Defendants to "[s]tate and identify with specificity each and every document detailing out of cell exercise provided to inmates confined within each housing unit . . . from February 11, 2021 through present." (ECF No. 18, PageID.122, 134). Yet both this interrogatory and its corresponding document request surpassed the Court's cap on interrogatories and requests for production. (*Id.*) Thus, Fluker's motion to compel responses to interrogatory and document request fifteen is **DENIED.**

> **B.** **Motion for Leave to File Excess Interrogatories and Document Requests**

Under Federal Rule of Civil Procedure 33(a)(1), a party may generally serve "no more than [twenty-five] written interrogatories" on "any other party." However, the Court has discretion to "alter the interrogatory limit" as it sees appropriate. Wright & Miller, *supra* § 2168.1; *see also* Fed. R. Civ. P. 33(a)(1). Likewise, although the Rules do not explicitly limit the number of document requests one party may serve on another, the Court holds "wide-ranging authority" to "set reasonable limits" on requests for production, "prescribing the number and type of requests that a party may propound." *Olsen v. J.W. Didado Elec., LLC*, No. 18-292, 2019 WL 13096572, at *1 (internal quotation marks omitted) (quoting *Breslin v. Dickinson Twp.*, 2011

WL 3292924, at *7 (M.D. Pa. Aug. 1, 2011)); *see also* 7 Moore's Federal Practice–Civil § 65.23[3] (Matthew Bender 3d ed. 2023).[2]

A Court's decision to alter its limits on interrogatories or requests for production should be guided by Rule 26(b), considering the risk of cumulative, duplicative, or unduly burdensome discovery. *Fair Housing Ctr. of Cent. Indiana, Inc. v. Welton*, No. 1:18-cv-01098, 2019 WL 2422594, at *6–7 (S.D. Ind. June 10, 2019) (recognizing that courts may set limits to avoid cumulative requests for production); *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999); Moore's, *supra*, § 65.23[3].

With these standards in mind, the Court declines to grant Fluker leave to serve interrogatory one from his second set of interrogatories. (ECF No. 17, PageID.96–97). The Court also denies Fluker's motion as to document requests one through five. (*Id.* at PageID.89–90). None of these discovery requests exceeded the limits placed by the scheduling order. So if Fluker was dissatisfied with the Defendants' objections to these requests, then he should have moved to compel their response. Fluker may not serve these requests again just for the Defendants to raise the same objections. In addition, many of Fluker's other proposed discovery requests are

---

[2] *See, e.g.*, *Navarro v. B.P. Expl. & Prod., Inc.*, No. 18-0534, 2019 WL 5445753, at *1 (S.D. Ala. Sept. 23, 2019); *United States ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-cv-680, 2011 WL 6012594 at *1 n.1 (S.D. Ind. Dec. 1, 2011); M.D. Ga. LR 34; D. Md. LR. 104(1).

manifestly overbroad. For example, Fluker requests "[a]ll documents by and between the parties." (*Id.* at PageID.91). And he also asks for "[a]ll documents reviewed for pleadings, filings, and discovery requests." (*Id.*)

Still, some of his proposed requests debatably fall within the scope of discovery and may lead to the discovery of relevant evidence. Thus, the Court will grant Fluker's motion as to Request for Production six, seven, and fifteen. (*Id.* at PageID.90, 92). The Court will also grant Fluker's motion as to interrogatory seven. (*Id.* at PageID.98).

For a few reasons, the Court does not find this modest expansion of the scheduling order to be unduly burdensome. First, Defendants' characterization of Fluker's motion as seeking leave to serve "a total of [twenty-three] interrogatories and [thirty-nine] requests for production" is hyperbolic. (ECF No. 21, PageID.179–80). Fluker's second set of discovery requests is entirely redundant of his initial set, and Defendants denied every discovery request that exceeded the scheduling order's limitations on the grounds that they were not required to respond. (*Compare* ECF No. 17, PageID.89–90, 96–98, *with* ECF No. 18, PageID.119–23, 129–31). Those copied-and-pasted responses should not have been burdensome for the Defendants.

Second, the Court grants only a small portion of Fluker's motion, allowing him to serve a total of eight unique requests for production and eleven unique interrogatories. Considering that the Rules of Civil Procedure set no limit of

16

document requests and a presumptive limit of twenty-five interrogatories (to be served on each party), the Court does not find responding to these additional discovery requests to be a particularly onerous task. *See* Fed. R. Civ. P. 33(a)(1), 34.

Last, the Defendants remain free to object to any interrogatory or request for production that they believe falls outside the scope of discovery.

Accordingly, the Court **GRANTS** Fluker's motion **IN PART**. Within two weeks of receiving this order, the Defendants shall respond to interrogatory seven and requests for production six, seven, and fifteen. If the Defendants cannot respond within this timeframe, then they may move the Court for an order extending the discovery deadline.

### III. Conclusion

For reasons discussed above, Fluker's motion to compel (ECF No. 18) is **GRANTED IN PART**, and Fluker's motion to serve excess interrogatories and requests for production (ECF No. 17) is **GRANTED IN PART**.

**IT IS SO ORDERED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: February 7, 2024

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge